UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.G., a minor by and through his Parent, IDA GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>ELK GROVE UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | No. 2:17-cv-00729-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This case involves an appeal of an administrative decision from the Office of Administrative Hearings ("OAH"). Defendant Elk Grove Unified School District ("Defendant") moves to dismiss the complaint for failure to file prior to the statute of limitations. (ECF No. 13.) Plaintiff E.G. ("Plaintiff") opposes the motion and claims the complaint was timely filed. (ECF No. 14.) Having carefully reviewed the arguments raised by both parties and for the reasons set forth below, the Court hereby GRANTS Defendant's motion to dismiss. (ECF No. 13.)

In his complaint, Plaintiff seeks reversal of OAH decisions pertaining to Defendant's obligations to provide special education to Plaintiff. (Compl., ECF No. 1.) At the OAH proceeding, Plaintiff sought consideration of whether Defendant was obligated to provide special education and related services to Plaintiff for the 2016–17 school year. (ECF No. 1 ¶ 54.) OAH ruled in favor of Defendants and determined Defendant was not obligated to provide services to

1  Plaintiff. (ECF No. 1 ¶ 55.) Subsequently the OAH dismissed the remaining issues and mailed

2  the formal decision to Plaintiff on December 22, 2016. (ECF No. 1 at 2.) The decision states that

3  an appeal must be filed within 90 days of receipt of the decision. (ECF No. 13 at 7.) Neither

4  party disputes the 90-day requirement. Plaintiff filed the instant action appealing the OAH

5  decision on April 3, 2017.[1]

6       A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

7  sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to

8  dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S.

9  319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be

10 drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v.*

11 *Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). Ultimately, a court may not dismiss a complaint in

12 which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."

13 *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). If a complaint fails to state a

14 plausible claim, "'[a] district court should grant leave to amend even if no request to amend the

15 pleading was made, unless it determines that the pleading could not possibly be cured by the

16 allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)

17 (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*,

18 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when

19 amendment would be futile).

20      Plaintiff alleges he "received the final decision from the OAH on December 31, 2016."

21 (ECF No.1 at 2.) Plaintiff further admits in his opposition to filing the complaint on April 3,

22 2017. (ECF No. 14 at 12.) An action commences for the purposes of the statute of limitations

23 when the complaint is filed. Fed. R. Civ. P. 3. Taking Plaintiff's allegation as true, Plaintiff

24 would have had to file the instant action on March 31, 2017, in order to meet the 90-day statute of

25 limitations as set out in the OAH decision. Plaintiff failed to do so. In his opposition, Plaintiff

---

[1]     The Electronic filing system shows the date of filing as April 5, 2017. However, the time stamp for filing the complaint is dated April 3, 3017. The Eastern District customarily withholds filing matters on the docket until payment is made to commence the action. The Court assumes the correctness of the April 5, 2017 filing date as the earlier date of April 3, 2017, has no effect on the outcome of this matter.

2

argues the complaint should read "On or about December 31, 2016." (ECF No. 14 at 13.) However, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2017). Accordingly, Plaintiff's complaint is dismissed for failure to timely file in accordance with the statute of limitations.

Plaintiff spends a vast majority of his opposition detailing the health issues of Mrs. Garrett. Mrs. Garrett is 85 years old and has her mail read to her periodically because she is unable to read the mail for herself. Mrs. Garrett remembers her mail being read on December 30, 2016, and the decision not being included. Mrs. Garrett states her mail was not read to her again until January 6, 2017, which included the decision. Thus, Plaintiff could have reasonably received the decision any time from December 31, 2016, to January 6, 2017. Plaintiff states he does not know the actual date of receipt and that the complaint should have been pleaded differently to reflect his knowledge. (ECF No. 14 at 13.) As the issue before the Court rests on a difference of a matter of days, Plaintiff's explanations and admission that the complaint was inartfully pleaded to provide the specific date of December 31, 2016, demonstrates amendment would not be futile.[2]

For the reasons set forth above, Defendant's Motion to Dismiss is hereby GRANTED. Plaintiff is afforded thirty (30) days from the date of this Order to file an amended complaint.

IT IS SO ORDERED.

Dated: April 9, 2018

_____
Troy L. Nunley
United States District Judge

---

[2] Defendant glosses over a discussion of the three day grace period provided in Federal Rule of Civil Procedure 6(d). Defendant does not explain how the three day grace period affects Plaintiffs case which alleges a date of receipt past the three days. Thus, the Court finds Defendant fails to meet its burden to present a non-perfunctory argument and declines to discuss it.